IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


AMANDA S. BELL,

       Plaintiff,

v.                                        Civil Action No. 5:11CV18
                                                   (STAMP)
WERNER ENTERPRISES, INC.,
DOLORES FURGERSON,
KRISTIE JO BELL and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND AND**
**DENYING STATE FARM'S MOTION TO DISMISS**

I.   Procedural History

The plaintiff, Amanda Bell, commenced this civil action in the
Circuit Court of Ohio County, West Virginia to recover damages that
resulted from two motor vehicle accidents. The plaintiff's
original complaint, filed on January 7, 2011, alleges negligence
and an uninsured motorist claim. On January 14, 2011, the
plaintiff filed an amended complaint, which appears only to
correct the spelling of defendant Kristie Jo Bell's name. The
plaintiff's claims against Werner Enterprises, Inc. ("Werner") and
Dolores Furgerson ("Furgerson") arise out of an automobile accident
that occurred on April 16, 2010 in Wheeling, West Virginia. The
plaintiff's claims against defendant Kristie Jo Bell and State Farm
Automobile Insurance Company ("State Farm") arise out of a June 11,
2010 accident that occurred in Bellaire, Ohio.

Defendants Werner and Furgerson removed the case to this Court on February 4, 2011 on the basis of diversity of citizenship, contending that because defendant Kristie Jo Bell was fraudulently joined, her citizenship should be disregarded for diversity purposes. Werner and Furgerson also filed a motion to sever the plaintiff's claims against defendants Kristie Jo Bell and State Farm. Kristie Jo Bell and State Farm then filed motions to dismiss for lack of jurisdiction. On March 4, 2011, the plaintiff filed a motion to remand, which was fully briefed and is currently pending before this Court.

## II.  Facts

On April 16, 2010, the plaintiff's vehicle was struck by a tractor trailer driven by Dolores Furgerson on the I-470 bridge in Wheeling, West Virginia. Furgerson was employed by Werner and acting within the scope of her employment. As a result of the April 16, 2010 accident, the plaintiff allegedly suffered brain and musculoskeletal injuries.

While still undergoing treatment for her injuries from the April 16, 2010 accident, the plaintiff was involved in a second motor vehicle accident on June 11, 2010. The plaintiff was a passenger in a car driven by Kristie Jo Bell when Kristie Jo Bell negligently struck another car in Bellaire, Ohio. This second accident allegedly aggravated the plaintiff's earlier injuries.

III.  Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Id.

The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity.  See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).  Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has been fraudulently joined.  Id.  "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."  Id.  When fraudulent joinder is alleged, a court is

3

permitted to examine the entire record by any means available in order to determine the propriety of such joinder. <u>Rinehart v. Consolidation Coal Co.</u>, 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

IV. <u>Discussion</u>

A. <u>Diversity of Citizenship</u>

In her motion to remand, the plaintiff first contends that Kristie Jo Bell was properly joined as a defendant and her presence destroys diversity of citizenship. Citing to Rule 20 of the Federal Rules of Civil Procedure, the plaintiff argues that joinder is proper where a plaintiff receives indivisible injuries, even though the defendants did not act jointly. According to the plaintiff, the two car accidents arise out of a series of connected occurrences and resulted in an indivisible injury to the plaintiff. Because joinder of the claims is proper, the plaintiff argues that Kristie Jo Bell is a proper party. Thus, complete diversity of citizenship does not exist in this case.[1]

In response, the defendants argue that Kristie Jo Bell's citizenship should be disregarded for purposes of diversity because the claims arise out of separate and distinct occurrences -- two separate automobile accidents. Thus, Kristie Jo Bell was fraudulently misjoined. Under this doctrine, the district court may sever the claims against misjoined non-diverse parties "to remand the severed claims between the non-diverse parties, and to

---

[1]Both Kristie Jo Bell and Amanda Bell are citizens of Ohio.

retain jurisdiction over the claims between the diverse parties."
Ryan Envtl., Inc. v. Hess Oil Co., Inc., 718 F. Supp. 2d 719, 726
(N.D. W. Va. 2010).  According to the defendants, the plaintiff's
claims against Kristie Jo Bell should be severed and remanded.

Analysis of whether the plaintiff's claims are properly joined
is confined to the requirements of Federal Rule of Civil Procedure
20(a).  Id.; see also John S. Clark, Co., Inc. v. Travelers Indem.
Co. of Ill., 359 F. Supp. 2d 429, 437 (M.D. N.C. 2004) ("[F]ederal
courts have uniformly held that misjoinder occurs when a single
party or multiple parties fail to satisfy the conditions for
permissive joinder set forth in [Rule] 20(a).").  Rule 20(a)
"imposes two specific requisites to the joinder of parties (1) a
right to relief must be asserted out of the same transaction or
occurrence; and [(2)] some question of law or fact common to all
the parties will arise in the action."  Ryan Envtl., 718 F. Supp.
2d at 727 (quoting Ashworth v. Albers Med. Inc., 395 F. Supp. 2d
395, 411 (S.D. W. Va. 2005)).

The defendants urge this Court to adopt the conclusion of the
court in Hughes v. Sears, Roebuck and Co., Civil Action No.
2:09-CV-93, 2009 WL 2877424 (N.D. W. Va. Sept. 3, 2009).  In
Hughes, the plaintiff fell off of a treadmill purchased from Sears.
Id. at *1.  The plaintiff then went to an emergency room, where the
physician allegedly mis-diagnosed her injuries.  Id.  The plaintiff
brought one action against Sears and the treadmill's manufacturer

for products liability and the physician for medical malpractice.
Id.  In that case, the court held that the same transaction or
occurrence prong was not met as the evidence supporting the
products liability claim would be "markedly different" from the
evidence supporting the medical malpractice claim.  Id. at *6.  The
court also found that there were no common questions of law or
fact.  Id.  The allegations of products liability in the complaint
against Sears and the manufacturer were legally and factually
distinct from the allegations of medical malpractice in the
complaint against the physician.  Id.

This Court finds that the facts of the present case can be
distinguished from those of Hughes.  In her complaint, the
plaintiff alleges the same claim against defendants Werner,
Furgerson and Kristie Jo Bell -- negligence.  Specifically, the
plaintiff alleges that the defendants' negligence caused both car
accidents that resulted in her injuries.  This Court finds that the
plaintiff has alleged a series of occurrences that resulted in
indivisible injuries.  Significantly, the plaintiff claims that the
two car accidents occurred close in time -- the second accident
aggravating the injuries from the first.  This Court finds that the
injuries the plaintiff received from the two accidents are
inextricably intertwined and accordingly arise from the same series
of transactions or occurrences.

This Court also finds that there is at least one common question of law or fact. As mentioned above, the plaintiff claims that defendants Werner, Furgerson and Kristie Jo Bell acted negligently. A common question presented by the plaintiff is the apportionment of the liability for her injuries between the two tortfeasors. Because the plaintiff's claims are properly joined, Kristie Jo Bell is a proper party whose presence in this case destroys diversity. For this reason, the case must be remanded.

B. Consent to Removal

Second, the plaintiff claims that because Kristie Jo Bell failed to consent in writing to removal, remand is necessary. The plaintiff also argues that because State Farm was sued directly under Ohio law for contractual benefits due and owing, its failure to consent to removal is also fatal. Because Ohio law permits an insured to sue directly for contractual benefits, the plaintiff argues that she has pled a cognizable claim against State Farm, and as a properly joined defendant, State Farm must consent to removal.

The defendants respond by arguing that State Farm's consent was not required for removal. Specifically, the defendants claim that because the plaintiff has not stated a cause of action for breach of contract against State Farm, State Farm is only a nominal party. Thus, the defendants argue that Werner and Furgerson did not have to obtain State Farm's consent to remove this action to federal court.

7

The rule of unanimity is well-established by case law and requires that all defendants in a multi-defendant case join in the petition for removal.  See Chicago, R.I. & P.R. Co. v. Martin, 178 U.S. 245 (1900).   The controlling case with respect to the application of the rule of unanimity in the Northern District of West Virginia is Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236 (N.D. W. Va. 1993).[2]  In Martin, the Court concluded that the rule of unanimity is not satisfied when a notice of removal, signed by only one defendant, represents that counsel for another defendant consents to the removal.  Martin, 827 F. Supp. at 1237.  Martin requires "'all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney.'"  Martin, 827 F. Supp. at 1238 (quoting Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 509 (E.D. Va. 1992)).

There are three recognized exceptions to the rule of unanimity: "(1) where a defendant was not yet served with process

---

[2]While the Fourth Circuit has not spoken on this issue, the district courts in this circuit follow the rule that each defendant must independently and unambiguously file a consent.  See Stonewall Jackson Mem'l Hosp. v. Am. United Life Ins. Co., 963 F. Supp. 553, 558 (N.D. W. Va. 1997) (Keeley, J.); Wolfenden v. Long, No. 5:09cv536, 2010 WL 2998804, at *3 (E.D.N.C. July 26, 2010); Ammar's, Inc. v. SingleSource Roofing Corp., No. 5:10cv23, 2010 WL 1961156, at *5 (S.D. W. Va. May 17, 2010) (Berger, J.); Brodar v. McKinney, 378 F. Supp. 2d 634, 637 (M.D.N.C. 2005); Dorsey v. Borg-Warner Auto., Inc., 218 F. Supp. 2d 817, 819 (S.D. W. Va. 2002) (Haden, C.J.); Anne Arundel County, Md. v. United Pac. Ins. Co., 905 F. Supp. 277, 278 (D. Md. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 508 (E.D. Va. 1992).

at the time the removal petition was filed; (2) where a defendant is merely a nominal or formal party-defendant; or (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c)." Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). The question in this case is whether State Farm is a nominal or a formal-party defendant. See Zurenda v. Holloman, 616 F. Supp. 212, 213 (E.D. Va. 1985) (stating that in deciding whether a defendant must consent to removal, "[t]he question is whether the uninsured motorist insurance carrier is a necessary party defendant to the action"). To answer this question, the court must look to the substantive law of the state. According to West Virginia's choice of law rules, this Court must apply Ohio law to contract issues arising out of an insurance policy. See Adkins v. Sperry, 437 S.E.2d 284 (W. Va. 1993) ("'The provisions of a motor vehicle policy will ordinarily be construed according to the laws of the state where the policy was issued and the risk insured was principally located, unless another state has a more significant relationship to the transaction and the parties.'") (quoting Lee v. Saglia, 762 S.E.2d 345, 353 (W. Va. 1988)). Ohio law provides that an action by an insured against his insurance carrier for payment of underinsured motorists benefits is a cause of action sounding in contract. Redd v. Nat'l Union Fire Ins. Co. of Pittsburgh, 241 F. Supp. 2d 819, 823 (S.D. Ohio 2003). Thus, this Court finds that the plaintiff has pled a cognizable claim against State Farm for

the recovery of contractual benefits due as a matter of Ohio law; therefore, State Farm is a necessary party and federal law requires its consent to removal.

In her motion to dismiss, filed on February 10, 2011, Kristie Jo Bell argues that this Court lacks personal jurisdiction over her because she was improperly served. Specifically, Kristie Jo Bell contends that she was unwittingly lured to West Virginia by the plaintiff's counsel and served by a process server while at the law firm of the plaintiff's counsel. See Kristie Jo Bell Aff. The plaintiff, however, denies these allegations and argues that Kristie Jo Bell was aware that she would receive service of process in West Virginia. See Cathy Bell Aff.; Zatezalo Aff.; Bordas Aff. Because Kristie Jo Bell was personally served with process while voluntarily present in West Virginia, the plaintiff contends that this Court may exercise personal jurisdiction over Kristie Jo Bell.

Even if this Court assumes that Kristie Jo Bell was unfairly enticed into West Virginia for the purpose of service of process and thus not subject to the jurisdiction of this Court, the decision on the motion to remand stands because State Farm failed to timely voice its consent to removal in violation of the rule of unanimity. Thus, the notice of removal is defective and remand is appropriate.

This Court is not persuaded by State Farm's arguments in its motion to dismiss, filed on February 11, 2011. State Farm contends

that the plaintiff's uninsured motorist claim has no contacts with West Virginia, thus, this Court has no jurisdiction. However, this Court finds that State Farm has pervasive, ongoing contacts with West Virginia which justify the exercise of general jurisdiction. See Lahan v. Nationwide Mut. Ins. Co., Civil Action No. 5:07CV34, 2008 WL 474085, at *2 (N.D. W. Va. Feb. 20, 2008) (concluding that Nationwide's West Virginia business is "sufficiently substantial and of such a nature" as to justify the exercise of general jurisdiction) (quoting Perkins v. Benguet Consol. Min. Co., 342 U.S. 437, 447 (1952)). Like Nationwide in the Lahan case, State Farm is licensed to conduct the business of insurance in West Virginia, State Farm admits to conducting regular business in West Virginia on its website and in press releases, and State Farm employs hundreds of registered agents located in West Virginia. Accordingly, the plaintiff has made a showing of sufficient jurisdictional basis to survive State Farm's jurisdictional challenge in this Court. Inasmuch as State Farm's motion to dismiss can be considered a motion to dismiss for lack of jurisdiction in this Court, it is denied. Without State Farm's joinder in the removal, the plaintiff's motion to remand must be granted.

C.   Amount in Controversy

Lastly, the plaintiff contends that federal jurisdiction is lacking because the removing parties failed to establish that the

amount in controversy exceeds $75,000.00.  Werner and Furgerson, the plaintiff alleges, have offered no competent proof of the value of the plaintiff's personal injury claim.

The defendants respond by arguing that they have satisfied the amount in controversy requirement because the plaintiff alleges damages and losses in excess of $25,000.00, in addition to punitive damages.  According to the defendants, the damages claim is augmented by the claim for punitive damages, the sum of which will certainly exceed $75,000.00.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal.  Mulcahey, 29 F.3d at 151.  This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy.  When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount.  Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994).  In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  Id.

After careful consideration of the record in this case, this Court finds that the defendants have not met their burden of proof

12

with regard to the amount in controversy.  The defendants' removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal.  See Marshall v. Kimble, Civil Action No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) (citing Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1110-11 (D.N.M. 2000)).  In this case, the defendants merely speculate that the plaintiff could possibly recover an award in excess of $75,000.00 because she claims damages and losses in the amount of $25,000.00 in addition to punitive damages.  As the defendants recognize, "the mere 'threat' of punitive damages, without more, does not give rise to federal jurisdiction." Seifert v. Nationwide Mut. Ins. Co., No. 5:06CV152, 2007 WL 1381521, at *2 (N.D. W. Va. May 9, 2007) (citing Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 938 (S.D. W. Va. 1996)).  Moreover, the fact that the plaintiff claims to have injured multiple parts of her body does not prove that the amount in controversy is satisfied. Although other West Virginia courts may have upheld punitive damages awards substantially in excess of compensatory damages recovered, that does not suffice as proof of the amount in controversy in this case.

Here, the defendants have offered no competent proof or tangible evidence that the amount in controversy exceeds, or will exceed, $75,000.00 exclusive of interests and costs.  Considering all of the evidence, this Court finds that the defendants have not

shown by a preponderance of the evidence that the plaintiff will recover damages in excess of the jurisdictional minimum. Accordingly, the case must be remanded.

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED and State Farm's motion to dismiss is DENIED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. Because this Court no longer has jurisdiction over the case, it makes no ruling on the defendants' motion to sever or Kristie Jo Bell's motion to dismiss, which remain for the state court to address, if it so chooses. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    April 5, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE